IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID BROWN,**

    **Petitioner,**

    v.                                                        **CASE NO. 21-3010-JWL**

**MICHAEL A. JOHNSTON,**
Colonel,

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner challenges his disciplinary proceedings and loss of good conduct time. On February 3, 2021, the Court entered an Order (Doc. 7), requiring Respondent to show cause on or before March 15, 2021, why the writ should not be granted and granting Petitioner until April 15, 2021, to file a traverse. This matter is before the Court on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4). Petitioner seeks to enjoin his transfer to a Bureau of Prisons facility. Respondent has filed a Response (Doc. 8) in opposition and Petitioner has failed to file a reply by the Court's deadline.

Petitioner alleges that after filing his habeas petition, he was moved to the Special Housing Unit and scheduled to be transferred. Petitioner alleges that his upcoming transfer is in retaliation for filing grievances. Petitioner alleges that the transfer could have several negative consequences: he could be transferred to a facility that is more dangerous; he could be transferred to a facility with a higher security classification; he could be transferred further away from his wife who is located in Massachusetts; his transfer could interfere with him receiving his

second dose of the COVID-19 vaccine; and his transfer could interfere with his ability to pursue this habeas action. (Doc. 4, at 1–3.) Petitioner states that he has filed an Equal Opportunity complaint regarding these issues and it is on appeal. (Doc. 5, at 2); *see also* Doc. 8–1, at 6 (noting that the Training and Doctrine Command (TRADOC) legal advisor acknowledged receipt of the appeal on February 1, 2021).

Petitioner alleges that he received his first dose of the COVID-19 vaccine on January 20, 2021, and would be scheduled for his second dose around February 20, 2021. (Doc. 5, at 1.) Petitioner alleges that he is scheduled to leave the facility around February 8, 2021, and will be in transit from approximately February 8 to April 8, 2021, due to quarantine protocols for each transfer point. Petitioner is concerned that the prison is trying to obstruct his ability to pursue his habeas petition, and that he may be in transit during the timeframe in which he is required to prepare a response. *Id*.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir.

2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.  Petitioner has failed to establish a relationship between the relief he seeks in his habeas petition—review of his disciplinary proceedings and loss of good conduct time—and the claims he asserts in his motion for injunctive relief.  *See Little*, 607 F.3d at 1251 (observing that the party seeking a preliminary injunction "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint" (internal quotation marks omitted)); *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that a preliminary injunction requires "clear proof that [the movant] will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief").

Not only has Petitioner failed to establish a relationship between his habeas claims and the claims he asserts in his motion for injunctive relief, the claims he asserts in his motion are not properly brought in a habeas action.  To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S. C. § 2241(c)(3).  A petition under 28 U.S.C. § 2241

3

provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). However, claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims).

In *United States v. Garcia*, the appellants did not seek release from BOP custody, but rather both sought a court order directing the BOP to transfer them to detention facilities located closer to their families. *United States v. Garcia*, 470 F.3d 1001, 1002 (10th Cir. 2006). The Tenth Circuit held that where appellants were in lawful custody of the BOP and sought "a change in the place of confinement rather than a shortened period of custody[,]" their challenges must be brought in a *Bivens* action. *Id.* at 1003; *see also Palma-Salazar*, 677 F.3d at 1035 (noting that Palma-Salazar did not challenge the BOP's underlying authority to hold him in custody, but rather he challenged his placement within the federal prison system); *see also Bruscino v. True*, 708 F. App'x 930, 935 (10th Cir. 2017) (unpublished) (finding claim that transfer was in retaliation for role in class action lawsuit was not properly brought in a § 2241 habeas proceeding because it challenges the conditions of confinement rather than the duration of custody).

Petitioner does not complain in his motion of the loss of good conduct time or of any negative impact on the duration of his sentence. Rather, he claims retaliation and takes issue with the possible designations for his location and security classification. He also speculates that he may not receive the second dose of his COVID-19 vaccine. These challenges to his

4

conditions of confinement must be brought in a civil rights action. *See Requena v. Roberts*, 552 F. App'x. 853, 856 (10th Cir. April 7, 2014) (unpublished) (remanding to district court to determine whether petitioner had adequately alleged civil rights claims); *see also Rios v. Commandant*, 100 F. App'x 706, 708 at n.1 (10th Cir. 2004) (unpublished) (affirming district court's dismissal of § 2241 petition without prejudice to filing a civil rights complaint and noting that the court has held that "[a military prisoner's] claims for injunctive and declaratory relief [were] not barred by the *Feres* doctrine") (citing *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988)).

Respondent has declared that "Petitioner was identified and processed for FBOP transfer in full compliance with Department of Defense, Department of Army, and facility policies." Declaration of Michael A. Johnston, ¶ 12 (Doc. 8–1, at 7). Regardless, Petitioner does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007)). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979). Respondent has indicated "that Petitioner is in fact being transferred to a federal facility that is hundreds of miles ***closer*** to his wife." (Doc. 8, at 7) (noting that for security reasons, Respondent cannot publicly disclose either the date of Petitioner's transfer or the facility to which he is being transferred).

In addition, Petitioner's concerns regarding the possibility that he may miss his second dose of the COVID-19 vaccine are speculative. *See Winter*, 555 U.S. at 22 (stating that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent

with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.") (citation omitted).

Although Petitioner has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted, the Court is sympathetic to Petitioner's concerns that his transfer may interfere with his pursuit of this habeas action.  The Court notes that Petitioner's transfer will not destroy this Court's jurisdiction regarding his habeas petition.  "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (citations omitted); *see also Piotrowski v. Commandant*, No. 08-3142-RDR, 2009 WL 564377, at *1 (D. Kan. Mar. 5, 2009) (noting that § 2241 petition attacking military conviction is rendered moot only by transfer out of military confinement).  The Court will also grant Petitioner an extension of time until May 7, 2021, to file his traverse.  Petitioner should file a motion for an extension if additional time is needed. Petitioner should also update the Court with a notice of change of address when he arrives at his designated facility.  The website for the Federal Bureau of Prisons suggests that Petitioner may currently be housed at the Oklahoma City FTC.[1]  Therefore, the Clerk is directed to mail this Memorandum and Order to Petitioner at his current address of record and to the Oklahoma City FTC.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that the deadline for Petitioner to file his traverse is extended to **May 7, 2021**.

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited February 17, 2021).

**IT IS FURTHER ORDERED** that the Clerk is directed to mail this Memorandum and Order to Petitioner at his current address of record and to the Oklahoma City FTC.

**IT IS SO ORDERED**.

**Dated February 18, 2021, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**