IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID BROWN,

      Petitioner,

      v.                                  CASE NO. 21-3010-JWL

MICHAEL A. JOHNSTON,
Colonel,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner is currently confined at FCI-Berlin in Berlin, New Hampshire. Petitioner challenges his disciplinary proceedings and loss of good conduct time. On February 3, 2021, the Court entered an Order (Doc. 7), requiring Respondent to show cause on or before March 15, 2021, why the writ should not be granted and granting Petitioner until April 15, 2021, to file a traverse. The Court extended the deadline for Petitioner to file his traverse to May 7, 2021. (Doc. 9.)

This matter is before the Court on Petitioner's "Petition for the Assignment of Counsel and an Extension to File a Traverse" (Doc. 14). Petitioner was recently transferred to FCI-Berlin and seeks an extension of time to file his traverse due to his transfer and the resulting delay in receiving his legal documents and the need to quarantine. Petitioner also states that he has not received a copy of Respondent's Answer and Return. The Court will grant Petitioner an extension of time to submit his traverse and will direct the Clerk to provide Petitioner with a copy of the Answer and Return.

Petitioner's request for appointment of counsel is denied.  Petitioner has no constitutional right to counsel in a federal habeas corpus action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Rather, the decision whether to appoint counsel rests in the discretion of the court.  *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Where an evidentiary hearing is not warranted, appointment of counsel is not required.  *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted.  *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Petition for the Assignment of Counsel and an Extension to File a Traverse (Doc. 14) is **granted in part and denied in part**.  The Court grants Petitioner's request for an extension of time and denies Petitioner's request for the appointment of counsel.

**IT IS FURTHER ORDERED** that the deadline for Petitioner to file his traverse is extended to **May 28, 2021**.

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Petitioner with a copy of Respondent's Answer and Return at Docs. 12 and 13.

**IT IS SO ORDERED**.

**Dated April 9, 2021, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE