IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID BROWN,

      Petitioner,

      v.                                           CASE NO. 21-3010-JWL

MICHAEL A. JOHNSTON,
Colonel,

      Respondent.

**ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Petitioner is currently confined at FCI-Berlin in Berlin, New Hampshire. Petitioner challenges his disciplinary proceedings and loss of good conduct time.

This matter is before the Court on Petitioner's request for the appointment of counsel (Doc. 16). Petitioner seeks the appointment of counsel to aid him in gathering evidence. In particular, he seeks evidence of video recordings allegedly showing that Major Gessner went to the mailroom during Petitioner's D&A Board to gather evidence that was not made available to Petitioner prior to the hearing. Petitioner also asks the Court to order Respondent to preserve all security video from October 27, 2020, between the hours of 0700 and 1600, within the Directorate of Inmate Administration, the Command Judge Advocate Offices, the mailroom, and the main hallway from the CJA offices to the mailroom.

The Court granted Respondent an opportunity to respond to the request for appointment of counsel and to address whether or not such video evidence exists and whether or not it can be made available to Petitioner. Respondent filed a Response (Doc. 18) indicating that "[t]here are

no available video records for [the D&A Board room] or any other camera system within the USDB for October 27, 2020." (Doc. 18, at 2; *see* Attached Declaration of William G. Lacuniak at 1–2, ¶ 3.) Respondent states that "[u]nless specifically preserved as evidence pursuant to an investigation or requested under a preservation order, all USDB video records are deleted (overridden) after a maximum of 28 days due to the system's technical parameters." (*Id*. at 2, ¶ 3.)

The Court denies Petitioner's request for appointment of counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo*., 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

The Court previously denied Petitioner's request for the appointment of counsel, finding that considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the

nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").

Petitioner's instant request for appointment of counsel is based on his desire to obtain assistance in gathering evidence. Because the evidentiary materials that Petitioner requests are not available, his request for appointment of counsel is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's request for the appointment of counsel (Doc. 16) is **denied.**

**IT IS SO ORDERED**.

**Dated April 28, 2021, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE