**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID BROWN,**

       **Petitioner,**

       **v.**                         **CASE NO.  21-3010-JWL**

**MICHAEL A. JOHNSTON,**
**Colonel,**

       **Respondent.**

**<u>ORDER</u>**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  At the time of filing, Petitioner was confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas ("USDB").  Petitioner is currently confined at FCI-Berlin in Berlin, New Hampshire. Petitioner challenges his disciplinary proceedings and loss of good conduct time.

This matter is before the Court on Petitioner's request for discovery and for appointment of counsel (Doc. 24).  Petitioner previously sought evidence of phone calls he made to his wife between October 20 and 28, 2020.  *See* Doc. 20.   The Court denied the request, finding that Petitioner failed to specify how phone calls he made to his wife would be relevant to his disciplinary proceedings.  (Doc. 21.)

Petitioner now "renews his request for phone calls made to Petitioner's wife after the disciplinary hearing," arguing that the recorded phone calls would prove that Major Gessner left the disciplinary hearing to gather evidence that was not previously disclosed to Petitioner. (Doc. 24, at 1–2.)  Petitioner argues that the calls would prove that the MCC 251-1s were not previously disclosed "since the Petitioner told his wife this."  *Id*. at 2.  Petitioner also renews his

1

request for the appointment of counsel "to present the evidence to the court and to requisition an expert to conduct a lie detector test on the Petitioner to prove that he is telling the truth." *Id*. at 3.

The Court finds that discovery is unnecessary at this time.  "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).  The Court may permit discovery under Habeas Rule 6 if the Petitioner provides "reasons" for the request and the Court finds "good cause" to allow discovery.  *Id*. at Rules 6(a) and 6(b); *Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999) (petitioner entitled to discovery "if, and to the extent that, the [district court] judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.").  Petitioner has not shown good cause for discovery.  It is not apparent at this stage of the proceedings that the requested information would be material to the resolution of the Petition.

Petitioner has made several requests for the appointment of counsel.  *See* Docs. 14, 16, 20 and 24.  The Court denies the current request for the same reasons set forth in the Court's prior orders denying Petitioner's requests for the appointment of counsel.  *See* Docs. 15, 19, and 21. The Court denies Petitioner's request for discovery and for the appointment of counsel without prejudice to reconsidering the request at a later time.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's request for discovery and for appointment of counsel (Doc. 24) is **denied without prejudice**.

**IT IS SO ORDERED**.

**Dated June 11, 2021, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**