## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DAVID BROWN,**

      **Petitioner,**

      **v.**                           **CASE NO.  21-3010-JWL**

**MICHAEL A. JOHNSTON,**
**Colonel,**

      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  On September 16, 2021, the Court entered a Memorandum and Order (Doc. 35) ("M&O") denying the petition for writ of habeas corpus and denying Petitioner's request for a writ of mandamus. This matter is before the Court on Petitioner's Motion for Reconsideration (Doc. 40).

**Background**

The Court's M&O was mailed to Petitioner at his current address of record on September 16, 2021.  The M&O was returned as "refused, unable to forward" on October 25, 2021, and was remailed on that date to Petitioner at the Metropolitan Detention Center-Brooklyn, which was Petitioner's current location pursuant to the Federal Bureau of Prisons.  (Doc. 37.) On November 19, 2021, Petitioner submitted a notice of change of address (Doc. 38), indicating that he was transferred to USP Marion.  On that same date, the Court mailed Petitioner a third copy of the M&O to USP-Marion.  On November 22, 2021, the Court received back the second mailing to Petitioner at the Brooklyn-Metropolitan Detention Center, with a notation that Petitioner was no longer housed there.  (Doc. 39.)

Petitioner's motion for reconsideration was submitted on December 6, 2021.[1]  Petitioner

alleges that he did not receive a copy of this Court's M&O until November 29, 2021.  (Doc. 40,

at 1, Doc. 40–1, at 2.)

Petitioner argues that the Court misapprehended the facts, the controlling law, and

Petitioner's position.  Petitioner alleges that the Court has misapprehended the following facts:

> (1) the BP did not file any evidence at the local appeal with the
> Commandant, (2) the Petitioner did request a continuance, but the
> continuance was denied by the Board President (BP), (3) the
> request for a continuance, nor the denial are annotated in the
> transcript, (4) the Court did not mention that the Petitioner made
> several requests for the video (and other contemporaneous
> evidence) to prove that the BP left the board, (5) the Court did not
> mentioned [sic] that the Respondent never investigated the issues
> presented at the local level, (6) the Court did not mention that there
> is no transcript of the sentencing portion of the hearing, (7) the
> actual case file was never submitted at the local appeal, nor to the
> district court, and (8) the Court states that the Petitioner failed to
> exhaust his administrative remedies regarding his parole denial,
> but it has been over 10 months since he submitted his appeal and
> cannot force the parole authority to expedite the parole review.

(Doc. 40, at 1.)  Petitioner also argues that the Court cited the wrong controlling precedent

(*Wilson v. Fikes*) in stating that it could not find any cases which show that an inmate is entitled

to view the evidence before a disciplinary hearing.  *Id.*  Petitioner believes that the "disclosure of

evidence against the prison" is a constitutional guarantee under *Wolff v. McDonnell*.  *Id.*

Petitioner also argues that the Court has misinterpreted his position.  Petitioner argues

that he was actually claiming:

> (1) the record should consist of what was transcribed and was filed
> at the local appeal, and not what the respondent submits to the
> Court, (2) the transcribed testimony was not adequate enough to
> determine whether there were improper procedures or abuses of
> discretion, (3) that Mr. Harms's testimony was not in evidence by

---

[1]  Although the Court received the motion for filing on December 10, 2021, the motion is dated December 6, 2021.
*See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's pleading will be considered timely
if given to prison officials for mailing prior to a filing deadline, regardless of when the court receives the document).

way of a sworn statement and that the BP cannot introduce his testimony through the BP, and (4) there was no evidence against the Petitioner until the BP violated the Petitioner's rights by further [sic] the investigation during the disciplinary hearing.

*Id*.

**Standard of Review**

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). The parties disagree as to whether Petitioner's motion should be construed as a motion under Rule 59(e) or Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The Court finds that Petitioner's motion does not warrant relief under either rule.

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet*

*v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

**Discussion**

Petitioner argues that the Court erred in citing *Wilson v. Fikes* for the proposition that "Petitioner isn't entitled to review evidence in advance of a hearing," and that other courts within the Tenth Circuit have held that "inmates are allowed to view the evidence against them prior to a disciplinary hearing." (Doc. 40, at 2.)  However, the Court cited *Wilson v. Fikes* in the section addressing Petitioner's argument that he was not afforded proper notice regarding the False Statement charge because the charge did not have a date and therefore lacked specificity. (Doc. 35, at 14.)   Petitioner also argued that the MCC 251-1 Forms were not in the file when he reviewed it prior to the D&A Board and the BP left the Board to retrieve them.  The Court found in the M&O that:

> Petitioner was afforded notice sufficient for him to prepare his defense regarding the False Statement charge.  *See Wilson v. Fikes*, Case No. 21-cv-367 (PAM/HB), 2021 WL 2582259, at *3 (D. Minn. May 18, 2021),  *adopted by* 2021 WL 2582199 (D. Minn. June  23, 2021) (stating that "the Supreme Court has made it clear that due process is satisfied when a petitioner receives advance *notice* of the disciplinary charges against him and a *description* of the evidence to be relied upon" and "[n]othing in *Hill* or *Wolff*, or in any other case this Court has found, suggests that he is entitled to receive copies of the evidence itself in advance of the hearing") (citing *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 564–65).

(Doc. 35, at 14.)   The Court found that although the False Statement charge did not contain a date, it did provide data as to the nature of the offense and provided that Petitioner "attempted to hide the fact that you were having conversations with a former inmate by placing them on you[r] GTL phone list under the name Maurice Gomez."   The GTL phone list was included in the file

that Petitioner reviewed prior to his D&A Board.  (Doc. 12–4, at 46.)  The Investigator Activity Summary was also included in the file and reviewed by Petitioner prior to the D&A Board.  It provided that Investigator Faircloth reviewed Petitioner's approved contact list on Petitioner's GTL account and the Unauthorized Contact telephone call in question shows the name of Maurice Gomez being the recipient of the call while the actual recipient was Mr. Henning.  (Doc. 12–4, at 44.)   Petitioner has not shown that the Court "misapprehended the controlling law."

Petitioner argues that the Court misapprehended various facts and various positions asserted by Petitioner.  Petitioner points to various facts or arguments that he believes were not properly addressed in the Court's M&O.  Petitioner argues that:  the Court failed to state that Petitioner raised an issue at the local appeal and Respondent failed to investigate the issue; the Court did not "annotate" that Petitioner requested a video that has been deleted; the Court did not document Petitioner's attempts to secure circumstantial evidence to prove the BP left the Board to investigate his case further; the Court failed to write the definition for detainee or prisoner in the M&O; the Court failed to mention that part of Petitioner's time at the USDB was pretrial confinement; Petitioner did in fact ask for a continuance of his Board ("albeit for a different issue" (Doc. 43, at 3)), but it was not captured in the transcript; and the Court stated that Petitioner failed to exhaust his administrative remedies but Petitioner is waiting on a response from the ACPB.  (Doc. 40, at 2.)  Petitioner also reasserts various arguments that were addressed in the M&O.  *Id*.; *see* M&O, Doc. 35, at 12–13, 15, 17 (addressing the lack of a sentencing transcript, Mr. Harms testimony, and the date on the False Statement charge).  Petitioner also argues that the Court should hold an evidentiary hearing because there is conflicting evidence.  (Doc. 43, at 2.)

Petitioner's arguments disregard the standards set forth in the Court's M&O. The Court's 33-page M&O sets forth the details of the D&A Board's procedures and Petitioner's concerns regarding the process. Ultimately, the Court found that Petitioner was afforded all the due process mandated by *Wolff v. McDonnell*, and that there was "some evidence" to support the D&A Board's decision. (Doc. 35, at 18, 24.)

In *Wolff*, the Supreme Court held that in order to satisfy due process in a prison disciplinary proceeding, the inmate must receive: (1) "advance written notice of the claimed violation" no less than 24 hours prior to the hearing; (2) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;" and (3) a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974) (citations omitted); *see also Abdulhaseeb*, 173 F. App'x at 661 (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). Additionally, there must be some evidence to support the decision and the decisionmaker must be impartial. *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (citing *Wolff*, 418 U.S. at 592) (Marshall, J., concurring)); *see Diaz v. McGuire*, 154 F. App'x 81, 85 (10th Cir. 2005) (unpublished) (noting that the circumstances of the USDB in the present day are not so materially different than the circumstances of the Supreme Court's decisions in *Wolff* and *Hill* so as to alter the Supreme Court's guidelines regarding the level of process constitutionally required for inmates facing disciplinary proceedings).

The Court set forth the standard for the Court's review and for determining if the "some evidence" standard was met. The Court found that where the due process requirements of *Wolff*

are met, as is the case here, the decision of the Board will be upheld if there is "some evidence" to support the decision. *Hill*, 472 U.S. at 455. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Terry v. Jones*, 259 F. App'x 85, 86 (10th Cir. 2007), *cert. denied*, 554 U.S. 924 (2008) (quoting *Hill*, 472 U.S. at 456). A decision to revoke GTC would only violate due process if the record is "devoid of evidence, providing no support for a disciplinary board's decision." *Id.* (citing *Hill*, 472 U.S. at 457). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457.

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see Mitchell*, 80 F.3d at 1445. "The decision can be upheld even if the evidence supporting the decision is 'meager.'" *Mitchel*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

Petitioner also makes an argument regarding exhaustion of his claim regarding denial of parole. The Court noted in the M&O that:

> As of the time Respondent filed the Answer and Return, the DASA (RB) had not taken final action on Petitioner's parole appeal. Petitioner has not argued otherwise and has not alleged that he exhausted his claim prior to bringing this action. Thus, Petitioner's claim should be dismissed.

(Doc. 35, at 24.) Petitioner now argues that he "mistakenly and inadvertently failed to respond to the government's contention the [he] failed to exhaust his administrative remedies." (Doc. 43, at 2.) Petitioner acknowledges that he has still not received a response regarding his parole

appeal, but argues that because of the delay his administrative remedies should be deemed exhausted. *Id.* However, as the Court noted, Petitioner failed to show that he exhausted "*prior to* bringing this action." The M&O provides that: "[B]efore seeking collateral review in the civilian system, a military petitioner must exhaust '*all* available military remedies.'" *Banks v. United States*, 431 F. App'x 755, 757 (10th Cir. 2011) (unpublished) (emphasis in original) (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)).

Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Likewise, Petitioner's motion does not warrant relief Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Construing the motion liberally, the only applicable sections of Rule 60(b) would be the first subsection dealing with mistake and the last subsection providing for "any other reason that justifies relief." Based on the standards set forth in the Court's M&O, Petitioner's arguments do not warrant relief under R. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *see also Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000). "Relief under Rule 60(b) is discretionary and is warranted only in

exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted).    Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate.  *Id*.

Petitioner has not shown that relief is warranted under any subsection of Rule 60(b) or under Rule 59(e).  In sum, Petitioner has failed to meet the standard required for relief from the Court's Judgment or for this Court to alter or amend its September 16, 2021 Memorandum and Order and Judgment, and that ruling stands.  Petitioner's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for reconsideration (Doc. 40) is **denied**.

**IT IS SO ORDERED**.

**Dated February 7, 2022, in Kansas City, Kansas.**

<div style="margin-left:40%">

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

</div>